**ORIGINAL**

1  **MARLIN & SALTZMAN**
   Stanley D. Saltzman, Esq. [SBN 90058]
2  Louis M. Marlin, Esq. [SBN 54053]
   Marcus J. Bradley, Esq. [SBN 174156]
3  Christina A. Humphrey, Esq. [SBN 226326]
   29229 Canwood Street, Suite 208
4  Agoura Hills, California   91301
   (818) 991-8080     Fax: (818) 991-8081
5  ssaltzman@marlinsaltzman.com
   louis.marlin@marlinsaltzman.com
6  mbradley@marlinsaltzman.com
   chumphrey@marlinsaltzman.com
7
   (Additional Counsel on next page)
8

9  Attorneys for Plaintiff and Proposed Class

10

       **IN THE UNITED STATES DISTRICT COURT**

11

    **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

       **SACV09-01168 CJC (RNBx)**

| | |
|---|---|
| 13  JOHN S. PAULINO and all others similarly situated, | Case No.: |
| 14 | |
|     Plaintiff, | **CLASS ACTION (FRCP 23)** |
| 15 | |
| v. | **COMPLAINT FOR DAMAGES:** |
| 16 | 1.   FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION (*Welfare Commission Orders and Labor Code §§500, et seq.,* and 1194*);* |
| 17  BANK OF AMERICA, NATIONAL ASSOCIATION; BANK OF AMERICA | |
| 18  CORPORATION, a Delaware corporation; and DOES 1 to 10 | 2.   RECOVERY OF UNPAID WAGES AT THE AGREED RATE (SECRET LOWER WAGE) (*Labor Code §§221-223);* |
| 19  inclusive, | |
| 20      Defendants. | 3.   FAILURE TO COMPENSATE FOR MEAL AND REST BREAKS (*Labor Code §§226.7 and 512);* |
| 21 | 4.   FORFEITURE OF VACATION PAY IN VIOLATION OF THE CALIFORNIA LABOR CODE; |
| 22 | |
| 23 | 5.   FAILURE TO PROVIDE AN "ACCURATE" ITEMIZED WAGE STATEMENT UPON PAYMENT OF WAGES (*Labor Code § 226);* |
| 24 | |
| 25 | 6.   FAILURE TO PAY COMPENSATION AT THE TIME OF TERMINATION (*Labor Code §§201-203);* |
| 26 | |
| 27 | 7.   FAILURE TO PAY ALL WAGES AND OVERTIME |
| 28 | |

1

                              **COMPLAINT**
                             **CASE NO.**

COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
8. CONVERSION
9. VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200
10. PENALTIES PURSUANT TO PAGA UNDER (*Labor Code* §§2698, *et seq.*)

2

**COMPLAINT**
**CASE NO.**

1 | **Co-Counsel for Plaintiff and Proposed Class**

2 | **LAW OFFICE OF SHAUN SETAREH, APC**
Shaun Setareh, Esq. [SBN 204514]
3 | 9454 Wilshire Blvd., Penthouse Suite 3
Beverly Hills, California   90212
4 | (310) 888-7771   Fax: (310) 888-0109
setarehlaw@sbcglobal.net

5 |
**LAW OFFICE OF LOUIS BENOWITZ**
6 | Louis Benowitz, Esq. [SBN 262300]
9454 Wilshire Blvd., Penthouse Suite 34
7 | Beverly Hills, California  90212
(310) 888-7771    Fax: (310) 888-0109
8 | louis@benowitzlaw.com

9 | **THE SPIVAK LAW FIRM**
David Spivak, Esq. [SBN 179684]
10 | 9454 Wilshire Blvd., Suite 302
Beverly Hills, California  90212
11 | (310) 499-4730    Fax: (310) 499-4739
david@spivaklaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

COMPLAINT
CASE NO.

1    Plaintiff John S. Paulino, on behalf of himself and all others similarly situated,

2    complains and alleges as follows:

3    **INTRODUCTION**

4    1.    Pursuant Fed.R.Civ.P. Rule 23 and California *Bus. & Prof. Code* section

5    17200, *et. seq.*, Plaintiffs have filed this action seeking class action treatment, to

6    recover unpaid wages, penalties, and restitution from Defendants for their violations

7    of, *inter alia*, California *Labor Code* §§ 500, 1194, 221-223, 226.7, 512, 227.3, 226,

8    201-203, 2698, et. seq.; Cal. *Bus. & Prof. Code* § 17200 et. seq.; the applicable Wage

9    Order(s) issued by the California Industrial Welfare Commission (hereafter, the

10    "IWC Wage Orders"); the Fair Labor Standards Act; and related common law

11    principles.

12    2.    This proposed Class Action lawsuit challenges the Defendants'

13    employment practices with respect to its non-exempt employees in California and in

14    the United States, primarily in that Defendants did not pay non-exempt employees

15    for all hours worked.  While employed by Defendants, Plaintiff and members of the

16    proposed California and national classes were required to perform off-the-clock work

17    and subject to alteration of time records by Defendants to reflect less hours than

18    actually worked. Consequently, Plaintiff and members of the proposed class were not

19    paid for all overtime hours worked, which may have also resulted in unpaid straight

20    time as well.

21    3.    This proposed Class Action lawsuit further challenges the Defendants'

22    payroll practices with respect to its non-exempt employees in California and in the

23    United States, primarily in that Defendants failed to accurately calculate the rates

24    used for overtime and straight time of the Plaintiff and members of the proposed

25    California and national classes.  Among other things, Defendants' calculated rates

26    failed to take into each employee's total remuneration including, but not limited to,

27    bonus incentives earned as well as actual hours worked.  Consequently, Plaintiff and

28

4

**COMPLAINT**
**CASE NO.**

1  members of the California and national proposed classes were not paid for all hours
2  worked using the correct calculations.

3       4.     This proposed Class Action lawsuit further challenges numerous other
4  of Defendants' employment practices with respect to Plaintiff and proposed class
5  members in California.  Plaintiff and members of the proposed California classes
6  were not provided with uninterrupted 30 minute meal periods on every day in which
7  they worked more than five hours, were not provided with rest periods of ten minutes
8  for each four hours of work, were not paid an additional hour of pay for every day
9  they worked without a meal or rest period, were not provided with overtime pay at
10 one and one half their regular rates of pay for all overtime hours worked, did not have
11 all of their remuneration factored into their respective regular rates of pay for straight
12 time and overtime payment purposes, were not provided with all vested vacation pay
13 earned during employment, were not provided with accurate wage statements, had
14 compensation secretly withheld from them, and/or were not paid all wages owed to
15 them upon the termination of their employment.

16      5.     The Acts complained of herein have occurred, are presently occurring,
17 and are expected to continue occurring, within the time period from four (4) years
18 preceding the filing of the original Complaint herein, up to and through the time of
19 trial for this matter (hereinafter, the "Relevant Time Period").

20                        **JURISDICTION**

21      6.     This Court has subject matter jurisdiction over this class action under
22 28 U.S.C. §§1331 and 1367(a).  Specifically, this action presents claims under the
23 Federal Labor Standards Act (hereafter "FLSA") and accompanying state law claims
24 under the California Labor Code, which form part of the same case or controversy
25 under Article III, section 2 of the U.S. Constitution.

26      7.     This Court also has original jurisdiction of this action under the Class
27 Action Fairness Act of 2005.  The amount-in-controversy exceeds the sum of
28

**COMPLAINT**
**CASE NO.**

$5,000,000 exclusive of interest and costs, and there is minimal diversity because certain members of the class are citizens of a different state than any defendant as required by 28 U.S.C. section 1332(d)(2).

<b><u>VENUE</u></b>

8.    Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendants are (i) subject to personal jurisdiction in this District, and/or (ii) committed the wrongful conduct against certain members of the class in Orange County, California.   At all relevant times, Defendants maintained offices and facilities in Orange County, California, and committed the wrongful conduct against members of the class in Orange County, California.

<b><u>THE PARTIES AND CONDUCT</u></b>

**A.    Plaintiff and Class Members**

9.    Plaintiff John S. Paulino (hereafter "Plaintiff") started working for Defendant Bank of America, National Association and/or Defendant Bank of America Corporation (hereafter referred to collectively as "Bank of America" or "Defendants") in February, 2008, as a non-exempt employee "loan officer" at a Bank of America call center and continuously worked for Bank of America in that capacity until June, 2009. During his employment with Defendants, Plaintiff performed his duties as a loan officer at a Bank of America Call Center in Brea, California.  While employed by Defendants, Plaintiff was required to perform off-the-clock work, including off-the-clock overtime work, was not provided with an uninterrupted 30 minute meal period on every day in which he worked more than five hours, was not provided with rest periods of ten minutes for each four hours of work, was not paid an additional hour of pay for every day he worked without a meal or rest period, was not given overtime pay for all overtime hours worked, did not have all of his remuneration factored into his regular rate of pay for overtime and straight time payment purposes, was not provided all vested vacation pay earned during his

1   employment, was not provided with accurate wage statements, had compensation
2   secretly withheld from him, and was not paid all wages owed to him upon the
3   termination of his employment.

4   10.   Class members are similarly situated persons employed by Defendants
5   as non-exempt employees at retail banking centers who, during the applicable
6   limitations periods, were required to perform off-the-clock work, were not provided
7   with uninterrupted 30 minute meal periods on every day in which they worked more
8   than five hours, were not provided with rest periods of ten minutes for each four
9   hours of work, were not paid an additional hour of pay for every day they worked
10  without a meal or rest period, were not provided with overtime pay at one and one
11  half their regular rates of pay for all overtime hours worked, did not have all of their
12  remuneration factored into their respective regular rates of pay for straight time and
13  overtime payment purposes, were not provided with all vested vacation pay earned
14  during employment, were not provided with accurate wage statements, had
15  compensation secretly withheld from them, and/or were not paid all wages owed to
16  them upon the termination of their employment.

17  **B.   Defendants**

18  11.   Defendant Bank of America, National Association is a national
19  association organized under the laws of the United States which maintains its
20  principal place of business in the State of North Carolina.  At all times relevant to this
21  action, Plaintiff is informed and believes and thereon alleges that Bank of America
22  National Association conducted business operations and employed Plaintiff and other
23  class members in the State of California and throughout the United States.

24  12.   Defendant Bank of America conducted, and continues to
25  conduct, substantial and regular business throughout California and also is an
26  enterprise that affects commerce by engaging in nationwide banking in interstate
27  commerce and by regularly and recurrently receiving or transmitting interstate
28

7

**COMPLAINT**
**CASE NO.**

communications.

13.   Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 100, inclusive, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

## CLASS ACTION ALLEGATIONS

14.   Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.  Plaintiff seeks to represent the following class and sub-classes composed of and defined as follows:

**Plaintiff Class:**

> **All non-exempt employees who have been employed or are currently employed by Defendants in the United States within the Relevant Time Period. This definition excludes persons who perform or performed managerial duties. As used in this Class Definition, the term "non-exempt employee" refers to those who Defendant has classified as non-exempt employees.**

**California Sub-Class:**

> **All non-exempt hourly employees who have been employed or are currently employed by Defendants in the state of California within the Relevant Time Period. This definition excludes persons who perform or performed managerial duties.  As used in this Class**

8

**Definition, the term "non-exempt employee" refers to those who Defendant has classified as non-exempt employees.**

**California Terminated Sub-Class:**

**All non-exempt hourly California employees whose employment with Defendants terminated and did not receive all of the wages due them at the time of termination, and/or who did not receive their final wages in a timely manner as mandated by California law. This definition excludes persons who perform or performed managerial duties. As used in this Class Definition, the term "non-exempt employee" refers to those who Defendant has classified as non-exempt employees.**

15. This action is brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

    A. **Numerosity:** Class members are so numerous that joinder of all class members is impracticable. Plaintiff is informed and believes and thereon alleges that there are more than 100 members in each class described above.

    B. **Commonality:** There are questions of law and fact common to class members. These questions include, but are not limited to:

        1) Did Defendants have a policy or practice of requiring class members to perform off-the-clock work?

        2) Did Defendants have policies encouraging management employees or those employees performing management duties to write down the time

COMPLAINT
CASE NO.

reported by hourly employees?

3)    Did Defendants have a policy or practice of not providing uninterrupted meal periods to class members for every day on which class members worked more than five hours?

4)    Did Defendants have a policy or practice of not allowing class members to take rest periods of ten (10) minutes for every four hours worked?

5)    Did Defendants have a policy or practice of not paying class members one and one-half times their respective regular rates of pay for all overtime work performed?

6)    Did Defendants have a policy or practice of not factoring all applicable forms of remuneration into class members' regular rates of pay for all payment purposes?

7)    Did Defendants have a policy or practice of not providing class members with accurate itemized wage statements?

8)    Did Defendants have a policy or practice of not paying class members all final wages owed upon termination of employment in accordance with California *Labor Code* §§201–202?

9)    Did Defendants have a policy or practice of secretly withholding compensation from class members by paying them lower wages than required by statute?

10)    Did Defendants have a policy or practice of not paying class members all vested vacation wages upon termination of employment in accordance with California *Labor Code* §227.3?

11)    Did Defendants engage in unfair competition in violation of California *Business & Professions Code* §17200 by engaging in the unlawful and unfair practices alleged herein?

12)    Are class members entitled to recover restitution from

COMPLAINT
CASE NO.

Defendants under California *Business & Professions Code* §17203?

13)    Are class members entitled to recover civil penalties for Defendants' alleged violations of the California *Labor Code*?

C.    **Typicality**:  The claims of Plaintiff are typical of the claims of other class members. Plaintiff has suffered the same or similar injuries as other class members based on a course of conduct which is not unique to Plaintiff but which has commonly affected other class members.

D.    **Adequacy of Representative**: Plaintiff will fairly and adequately protect the interests of other class members. Plaintiff does not have any conflicts of interest with other class members and Plaintiff will vigorously prosecute this action on behalf of other class members. Plaintiff is represented by legal counsel with substantial class action experience in civil litigation and employment law.

16.    This case is brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Questions of law or fact common to class members predominate over any questions solely affecting individual class members and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Class action treatment will allow a large number of similarly situated class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail.

17.    In addition, because the monetary amounts due to many individual class members are likely to be relatively small, the burden and expense of individual litigation would make it difficult, if not impossible, for individual class members to seek and obtain relief. A class action will also serve the important public interest of permitting class members harmed by Defendants' unlawful practices to effectively pursue recovery of the sums owed to them.

18.    Plaintiff is not aware of any difficulties that are likely to be encountered

COMPLAINT
CASE NO.

1  in the management of this action that would preclude its maintenance as a class
2  action.

### FIRST CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES AND OVERTIME**

**COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE**

**COMMISSION ORDERS AND *LABOR CODE* §§500, *et seq.*, and 1194**

**(Against Defendants and Does 1-100**

**On behalf of Plaintiff and Proposed Members of the California Sub-Class)**

19     Plaintiff hereby realleges, and incorporates by reference as though set fully forth  herein, the allegations contained in paragraphs 1 through 18.

20.     Pursuant to Industrial Welfare Commission Order 4 and *Labor Code* §§200, 500, 510, 512, 1194, and 1198, Defendants were required to compensate Plaintiff and members of the Plaintiff Class for all hours worked, including overtime, which is calculated at one and one-half (1½ ) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day; with double time after eight (8) hours on the seventh day of any workweek, or after 12 hours in any work day.

21.     Plaintiff and members of the Plaintiff Class were, and are, non-exempt employees entitled to the protections of Industrial Welfare Commission Order 4 and *Labor Code* §§200, 500, 510, 512, 1194, and 1198.  During the course of Plaintiff's employment, and during the course of the employment of the members of the Plaintiff Class, Defendants failed to compensate Plaintiff and members of the Plaintiff Class for all wages and overtime hours worked as required under the California *Labor Code* and *Code of Regulations*.

22.     Under the aforementioned wage orders, statutes, and regulations, Plaintiff and members of the Plaintiff Class are entitled to one and one-half (1½)

12

**COMPLAINT**

**CASE NO.**

1    times and/or double their regular rate of pay for overtime work performed during the

2    four (4) years preceding the filing of this Complaint, based on appropriate

3    calculations of the "total remuneration" for each workweek.

4        23.    In violation of state law, Defendants have knowingly and willfully

5    refused to perform their obligations to compensate Plaintiff and members of the

6    Plaintiff Class for all wages earned and all hours worked. As a direct result, Plaintiff

7    and members of the Plaintiff Class have suffered, and continue to suffer, substantial

8    losses related to the use and enjoyment of such wages, lost interest on such wages,

9    and expenses and attorney's fees in seeking to compel Defendants to fully perform

10   their obligations under state law, all to their respective damage in amounts according

11   to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this

12   Court.

13       24.    Defendants committed the acts alleged herein knowingly and willfully,

14   with the wrongful and deliberate intention of injuring Plaintiff and members of the

15   Plaintiff Class, from improper motives amounting to malice, and in conscious

16   disregard of Plaintiff's rights and the rights of the Plaintiff Class. Plaintiff and

17   members of the Plaintiff Class are thus entitled to recover nominal, actual,

18   compensatory, punitive, and exemplary damages in amounts according to proof a

19   time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

20       25.    Defendants' conduct described herein violates Industrial Welfare

21   Commission Order 4 and *Labor Code* §§200, 500, 510, 512 and 1198. Therefore,

22   pursuant to *Labor Code* §§1194, 1198, 218.6, and *Civil Code* §§3287 and 3289,

23   Plaintiff and members of the Plaintiff Class are entitled to recover the unpaid balance

24   of minimum wages and/or overtime compensation Defendants owe Plaintiff and

25   members of the Plaintiff Class, plus interest, penalties, attorney's fees, expenses, and

26   costs of suit.

27   / / /

28

13

**COMPLAINT**
**CASE NO.**

# SECOND CAUSE OF ACTION

## RECOVERY OF UNPAID WAGES AT THE AGREED RATE

## (SECRET LOWER WAGE) *LABOR CODE* §§221-223

### (Against Defendants and Does 1-100

### On behalf of Plaintiff and Proposed Members of the California Sub-Class)

26.     Plaintiff hereby realleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 25.

27.     Failure of an employer to pay its employees the agreed rate violates *Labor Code* §§221-223.

28.     During the Relevant Time Period, Defendants required the members of the Class to remain under Defendants' control without paying therefor, which resulted in the members of the Class earning less than the agreed rate for portions of the days during which they worked.

29.     Specifically, Defendants have failed to pay hourly workers an agreed upon rate by implying and enforcing a policy of requiring the Plaintiff and putative members of the Plaintiff Class to work uncompensated time "off-the-clock" in violation of California Law, including *Labor Code* §§500, *et seq.*, 1194, 1198, 221-223 and Regulations promulgated under the *Labor Code*. Defendants' policy is, and at all relevant times has been, to fail and refuse to pay wages and overtime compensation due and owing to the Plaintiff and members of the Plaintiff Class in violation of California Law.

30.     In addition, during the Relevant Time Period, Defendants failed to include all remuneration in calculating pay rates, which resulted in members of the Class earning less that the agreed rates for overtime and straight time.

31.     Defendants' pattern and practice of uniformly administering a corporate policy, whereby Defendants failed to pay the agreed upon rate to the members of the Class violates *Labor Code* §§221-223 and so constitutes an unjust enrichment.

32.    In violation of state law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and members of the Plaintiff Class for all wages earned and all hours worked.  As a direct result, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

33.    Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and members of the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights and the rights of the Plaintiff Class.  Plaintiff and members of the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof a time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

34.    Defendants' conduct described herein violates Industrial Welfare Commission Order 4 and *Labor Code* §§221-223, in addition to *Labor Code* §§200, 500, 510, 512, 1194, and 1198.  Therefore, pursuant to *Labor Code* §§221-223, 1194, 1198, 218.5, 218.6, and *Civil Code* §§3287 and 3289, Plaintiff and members of the Plaintiff Class are entitled to recover the unpaid balance of agreed upon wages and/or overtime compensation based upon the agreed upon wage rate, plus interest, penalties, attorney's fees, expenses, and costs of suit.

/ / /

/ / /

/ / /

/ / /

**COMPLAINT**
**CASE NO.**

## THIRD CAUSE OF ACTION

### FAILURE TO COMPENSATE FOR MEAL AND REST BREAKS
### UNDER CALIFORNIA *LABOR CODE* §§226.7 and 512
### (Against Defendants and Does 1-100
### On behalf of Plaintiff and Proposed Members of the California Sub-Class).

35.     Plaintiff hereby realleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 34.

36.     *Labor Code* §226.7(a) provides, "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

37.     At all times plead herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff and members of the Plaintiff Class with meal and rest breaks.  By these actions Defendants violated *Labor Code* §226.7(a). At no time did the Plaintiff and members of the Plaintiff Class expressly or impliedly waive their right to their meal or rest breaks.

38.     As a result of the unlawful acts of the Defendants, Plaintiff and members of the Plaintiff Class have been deprived of meal and rest breaks, and are entitled to recovery under *Labor Code* §226.7(a) in an amount of one additional hour of pay at the employees's regular rate of compensation for each work day that a meal and rest period was not provided.

39.     Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and members of the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights and the rights of the Plaintiff Class.  Plaintiff and members of the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof a time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

COMPLAINT
CASE NO.

40.    Defendants' conduct described herein violates Industrial Welfare Commission Order 4 and *Labor Code* §§226.7 and 512.  Therefore, pursuant to *Labor Code* §§226.7, 512, 218.5, 218.6, and *Civil Code* §§3287 and 3289, Plaintiff and members of the Plaintiff Class are entitled to recover one additional hour of pay at the employees's regular rate of compensation for each work day that a meal and rest period was not provided, plus interest, penalties, attorney's fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### FORFEITURE OF VACATION PAY IN VIOLATION OF THE CALIFORNIA LABOR CODE

**(Against Defendants and Does 1-100**

**On behalf of Plaintiff and Proposed Members of the California Sub-Class)**

41.    Plaintiff incorporates paragraphs 1 through 40 of this complaint as if fully alleged herein.

42.    California Labor Code §227.3 makes it unlawful for an employer to cause an employee to forfeit vacation pay without compensating the employee for the vacation time at the rate of pay in effect at the time of forfeiture.

43.    During the applicable limitations period, Defendants caused Plaintiff to forfeit vested paid vacation days without providing monetary compensation for it based on his rate of pay in effect at that time. Plaintiff is informed and believes and thereon alleges that Defendants have maintained a policy or practice of causing members of the California Vacation Pay Class to forfeit vested paid vacation days without compensating them for forfeited days based on their rates of pay in effect at the time of forfeiture.

44.    As a result of the above, Plaintiff seeks damages, restitution, plus interest, penalties, attorney's fees, expenses, and costs of suit, on behalf of both himself and the other class members for forfeited vacation days in amounts subject

17

1    to proof.

2    ### FIFTH CAUSE OF ACTION

3    ### FAILURE TO PROVIDE AN "ACCURATE" ITEMIZED WAGE

4    ### STATEMENT UPON PAYMENT OF WAGES IN VIOLATION

5    ### OF *LABOR CODE § 226*

6    ### (Against Defendants and Does 1-100

7    ### On behalf of Plaintiff and Proposed Members of the California Sub-Class)

8    45    Plaintiff hereby realleges, and incorporates by reference as though set

9    fully forth herein, the allegations contained in paragraphs 1 through 44.

10    46.    *Labor Code* §226(a) sets forth reporting requirements for employers

11    when they pay wages, as follows: "Every employer shall ... at the time of each

12    payment of wages, furnish his or her employees ... an itemized statement in

13    writing showing (1) gross wages earned; (2) total hours worked by the

14    employee...(3) the number of piece-rate units earned and any applicable piece rate

15    if the employee is paid on a piece-rate basis...."  Section (e) provides: "An

16    employee suffering injury as a result of a knowing and intentional failure by an

17    employer to comply with subdivision (a) shall be entitled to recover the greater of

18    all actual damages or fifty dollars ($50) for the initial pay period in which a

19    violation occurs and one hundred dollars ($100) per employee for each violation

20    in a subsequent pay period, not exceeding an aggregate penalty of four thousand

21    dollars ($4000), and shall be entitled to an award of costs and reasonable

22    attorney's fees."

23    47.    Defendants failed to accurately record the hours worked by Plaintiff

24    and members of the Plaintiff Class.

25    48.    Plaintiff and members of the Plaintiff Class request recovery of *Labor*

26    *Code* §226(e) penalties according to proof, as well as interest, attorney's fees and

27    costs pursuant to *Labor Code* §226(e), in a sum as provided by the *Labor Code*

28

COMPLAINT
CASE NO.

1  and/or other statutes.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY COMPENSATION AT THE TIME OF
### TERMINATION IN VIOLATION OF CALIFORNIA
### *LABOR CODE* §§201-203

**(Against Defendants and Does 1-100 On Behalf of the California**
**Plaintiff and Proposed Members of the California Terminated Sub-Class)**

49.    Plaintiff hereby realleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 48.

50.    California *Labor Code* §201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge.  California *Labor Code* §202 requires an employer to promptly pay compensation due and owing to an employee within 72 hours of that employee's termination of employment by resignation.  California *Labor Code* §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required pursuant to California *Labor Code* §201 and §202 respectively, said employer is liable to said employee for a waiting time wage continuation as described herein. Defendants' willful failure to pay former employee Plaintiff and members of the Terminated Sub-Class all of the wages due and owing them constitutes violations of *Labor Code* §§201 and 203, which provides that an employee's wages will continue as a waiting time wage continuation up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and members of the Terminated Sub-Class are entitled to a waiting time wage continuation pursuant to *Labor Code* §203.

51.    Plaintiff and members of the Terminated Sub-Class were previously employed by Defendants and were terminated within the Relevant Time Period as set forth above.  Defendants failed to pay all wages due to this sub-class at the

COMPLAINT
CASE NO.

1   time of termination, and, in addition, failed to pay all wages due in a timely

2   manner as mandated by California *Labor Code* §§201-203.

3       52.    Plaintiff and members of the Terminated Sub-Class seek wages,

4   penalties, plus costs, interest, disbursements  and attorneys fees pursuant to

5   California law, including but not limited to *Labor Code* §§218.5, 218.6, and *Civil*

6   *Code* §§3287 and 3289.

7   <u>**SEVENTH CAUSE OF ACTION**</u>

8   **FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION**

9   **IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

10  **(Against Defendants and Does 1-100**

11  **On behalf of Plaintiff and Proposed Members of the Plaintiff Class)**

12      53.    Plaintiff hereby realleges, and incorporates by reference as though set

13  fully forth herein, the allegations contained in paragraphs 1 through 52.

14      54.    The Fair Labor Standards Act, 29 U.S.C. §201, et seq., states that an

15  employee must be compensated for all hours worked, including all straight time

16  compensation and overtime compensation.  29 C.F.R. §778.223 and 29 C.F.R.

17  §778.315.  This Court has concurrent jurisdiction over claims involving the Fair

18  Labor Standards Act pursuant to 29 U.S.C. §216.

19      55.    Plaintiff also brings this lawsuit as a collective action under the Fair

20  Labor Standards Act, 29 US.C. §201, *et seq*. (the 'FLSA"), on behalf of all

21  persons who were, are, or will be employed by Defendants in a non-exempt hourly

22  position during the period commencing three years prior to the filing of this

23  Complaint to and through a date of judgment, who performed work in excess of

24  forty (40) hours in one week and did not receive all compensation as required by

25  the FLSA for the hours worked. To the extent equitable, tolling operates to toll

26  claims by the against the collective employees against the Defendants, the

27  collective statute of limitations should be adjusted accordingly.

28

**COMPLAINT**
**CASE NO.**

56.    Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

a.    Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

b.    Whether Defendants' policies and practices were to write down the time worked by Plaintiff and collective employees;

c.    Whether Defendants failed to adequately compensate collective employees for all hours worked as required by the FLSA, including the time worked through their meal and rest periods;

d.    Whether Defendants failed to include all remuneration in calculating the appropriate rates for overtime and straight time;

e.    Whether Defendants should be enjoined from continuing the practices which violate the FLSA; and,

f.    Whether Defendants are liable to the collective employees.

57.    The Seventh Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

58.    Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failing to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

**COMPLAINT**
**CASE NO.**

59.    Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

60.    29 U.S.C. §225 provides that a three-year statute of limitations applies to willful violations of the FLSA.  The conduct by the Defendants which violated the FLSA was willful.

61.    Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq., Plaintiff and collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

62.    Plaintiff and collective employees were all paid by Defendants on an hourly or salary basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees  worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.  Defendants also failed to pay Plaintiff, and collective employees, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal and rest periods.

63.    For purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout California and the United States in all respects material to the claims asserted in this Complaint.

64.    Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

65.    As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were

22

COMPLAINT
CASE NO.

damaged in an amount to be proved at trial.

66. Plaintiff, therefore, demands that he and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which they were not compensated, compensation for meal and rest periods, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

## EIGHTH CAUSE OF ACTION

### CONVERSION

### (Against Defendants and Does 1-100

### On behalf of Plaintiff and Proposed Members of the Plaintiff Class)

67. Plaintiff hereby realleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 66.

68. Defendants knowingly and intentionally required Plaintiff, and other similarly situated employees to perform "off-the-clock" work and failed to pay them the minimum wages due, and/or agreed upon wages due, and/or overtime.

69. Defendants knowingly and intentionally failed to allow and pay for meal and rest breaks.

70. Defendants withheld the earned wages/overtime wages, pay for meal and rest breaks and exercised dominion and control over them such as to convert these withheld wages which Plaintiff and members of the Plaintiff Class owned or had the right to own, and had the legal right to hold, possess, and dispose.

71. Defendants knowingly, willfully, and unlawfully interfered with the Plaintiff and the rights of all of the members of all of the Plaintiff Class to own, possess, and/or control the disposition of said wages and overtime wages. Said actions constitute a criminal misdemeanor violation of Labor Code § 206.5.

72. The exact amount of wages and overtime wages earned by Plaintiff and each of the members of the Class here alleged, is identifiable even though the

specific sum of money each Plaintiff and each of the members of the Plaintiff Class may vary by individual.

73.    In refusing to pay wages and overtime owed to Plaintiff and the members of the Plaintiff Class, Defendants knowingly, unlawfully, and intentionally took, appropriated, and converted the property of Plaintiff and members of the Plaintiff Class here alleged for Defendants' own use, purpose, and benefits.

74.    Plaintiff, and all similarly situated persons in the class, have been injured by said conversion in the amount of the monies converted by the Defendants, with interest thereon from that time.

75.    Defendants' actions constituting conversion were oppressive, malicious and fraudulent.  As such, Plaintiff and all similarly situated persons are entitled to punitive and exemplary damages.  Plaintiff further seeks on behalf of the general public, the appointment of a receiver, as necessary to establish the total monetary relief sought from Defendants.

## NINTH  CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA

### *BUSINESS AND PROFESSIONS CODE* §17200

### (Against Defendants and Does 1-100

### On behalf of Plaintiff and Proposed Members of the Plaintiff Class)

76.    Plaintiff hereby realleges, and incorporates by reference as though set fully herein, the allegations contained in paragraphs 1 through 75.

77.    By violating the statutes and regulations set forth in this Complaint, and incorporated by reference hereto, and unfairly failing to pay Plaintiff and members of the Plaintiff Class all wages (minimum wage, overtime, agreed upon wages, and meals and breaks) earned and owing.  Defendants' acts constitute unfair and unlawful business practices under *Business and Professions Code*

COMPLAINT
CASE NO.

§17200, *et. seq.*

78.     Defendants' violations of California wage and hour laws and illegal payroll practices or payment policies constitute a business practice because it was done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiff and members of the Plaintiff Class.

79.     For the four (4) years preceding the filing of this action, Plaintiff and members of the Plaintiff Class have suffered damages and request restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at the time of trial.

## TENTH CAUSE OF ACTION

### CIVIL PENALTIES UNDER THE CALIFORNIA *LABOR CODE* PRIVATE ATTORNEYS GENERAL ACT

**(By Plaintiff and Proposed Members of the California Sub-Classes)**

80.     Plaintiff hereby realleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 79.

81.     During the Relevant Time Period, Defendants violated California *Labor Code* §§201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512 and 1194.

82.     California *Labor Code* §§2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California *Labor Code* § 2699.3.

83.     Pursuant to California *Labor Code* §§2699(a) and (f), Plaintiff and other members of the California Civil Penalties Class are entitled to recover civil penalties for Defendants' violations of California *Labor Code* §§201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512 and 1194 during the applicable limitations period in the following amounts:

A.     For violations of California Labor Code §§201, 202, 203 and

**COMPLAINT
CASE NO.**

1194, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2));

        B.     For violations of California *Labor Code* §204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California *Labor Code* §210);

        C.     For violations of California Labor Code § 223, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California *Labor Code* §225.5);

        D.     For violations of California *Labor Code* §227.3, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California *Labor Code* §2699(f)(2));

        E.     For violations of California *Labor Code* §226(a), two hundred fifty ($250.00) per employee for initial violation and one thousand dollars ($1,000.00) per employee for each subsequent violation (penalty amounts established by California *Labor Code* § 226.3); and,

        F.     For violations of California *Labor Code* §§510 and 512, fifty dollars ($50.00) for each aggrieved employee for each initial violation for pay

COMPLAINT
CASE NO.

period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages and one hundred dollars ($100.00) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages (penalty amounts established by California *Labor Code* § 558).

84.    Plaintiff is currently in the process of complying with the procedures for bringing suit specified in California *Labor Code* §2699.3.  By letter dated September 24, 2009, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

85.    Pursuant to California *Labor Code* §2699(g), Plaintiff and the other class members are entitled to an award of reasonable attorney's fees and costs in connection with their claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action;

B.    An order that Plaintiff be appointed class representative;

C.    An order that counsel for Plaintiff be appointed class counsel;

D.    An order allowing notice to proceed with respect to Plaintiff's Seventh Cause of Action to persons who are similarly situated to Plaintiff;

E.    Damages;

F.    Restitution;

G.    Civil penalties;

H    Statutory penalties;

27

**COMPLAINT**
**CASE NO.**

I.    Punitive Damages;

J.    Pre-judgment interest;

K.    Costs of suit;

L.    Reasonable attorney's fees; and

M.    Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff on behalf of himself and all others similarly situated demands a trial by jury for himself and all other class members the class on all claims so triable.

DATED:  October 8, 2009          **MARLIN & SALTZMAN, LLP**
                                 **LAW OFFICE OF SHAUN SETAREH, APC**
                                 **LAW OFFICE OF LOUIS BENOWITZ**
                                 **THE SPIVAK LAW FIRM**


By:  _Christina A. Humphrey_
     Christina A. Humphrey, Esq.
     of Marlin & Saltzman
     Attorneys for Plaintiff and Proposed Class

28

**COMPLAINT**
**CASE NO.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA** ORIGINAL

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JOHN S. PAULINO and all others similarly situated | BANK OF AMERICA, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION, a Delaware corporation; and DOES 1 to 100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Stanley D. Saltzman, Esq.; Louis M. Marlin, Esq.; Marcus J. Bradley, Esq.; Christina A. Humphrey, Esq.; MARLIN & SALTZMAN, 29229 Canwood Street, Suite 208 Agoura Hills, CA, 91301  (818) 991-8080 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Labor Code Secs. 500, et seq.; 201-203, 221-223, 226, 226.7, 512, 1194, 2802; Bus. & Prof. Code Secs. 17200, et seq.; Welfare Commission Orders

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV09 - 01168

**FOR OFFICE USE ONLY:**     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                       ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                       ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                       ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | N/A |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | N/A |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | N/A |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *Christina A. Humphrey*    Date October 8, 2009

    **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors insurance benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV09- 1168 CJC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Stanley D. Saltzman, Esq. (SBN 90058)
Louis M. Marlin, Esq. (SBN 54053)
MARLIN & SALTZMAN
29229 Canwood Street, Suite 208
Agoura Hills, CA   91301

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOHN S. PALUMBO and all others similarly situated

PLAINTIFF(S)

v.

BANK OF AMERICA, NATIONAL ASSOCIATION;
BANK OF AMERICA CORPORATION, a Delaware
corporation; and DOES 1 to 10´  inclusive

DEFENDANT(S).

CASE NUMBER

**SACV09-01168   CJC  (RNBx)**

**SUMMONS**

TO:   DEFENDANT(S): BANK OF AMERICA, NATIONAL ASSOCIATION; BANK OF AMERICA
CORPORATION; and DOES 1 to 100 inclusive

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _Christina A. Humphrey, Esq._____ , whose address is
_29229 Canwood Street, Suite 208, Agoura Hills, CA, 91301_____ . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____**0 9 OCT 2009**_____

By: _____**SHEA BOURGEOIS**_____
Deputy Clerk

(Seal of the Court)   **SEAL**

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed*
*60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                     **SUMMONS**